Leopoldo García, Plaintiff and Appellee, *v.* Porto Rico Racing Corporation, Defendant and Appellant.

No. 4235. Argued April 18, 1927.—Decided April 29, 1927.

*A. Díaz Viera* for the appellant. *R. Cuevas Zequeira* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

A motion has been filed to dismiss the appeal on the grounds that the appellant is not an aggrieved party and that the appeal is frivolous.

The judgment in the present case ordering the appellant to pay a certain sum of money was rendered, without a trial, on the merits of the complaint and answer.

It is alleged in the complaint that the plaintiff made a bet on the horse races held by the defendant corporation on the Quintana racing track; that he was the only person who bet on the winners of the seven races on that day, namely, in the first race the horse Saturnina, in the second Frances Johnson, in the third Pirata, in the fourth Sherman, in the fifth Colombina, in the sixth Rintintín and in the seventh Mrs. Sipi; and that the defendant must pay him $12,118.78 of the sweepstakes of that day which it refuses to pay notwithstanding having been required by him to that effect. There are other allegations in the complaint which it is unnecessary to mention.

The defendant answered, admitting the truth of the allegations of the complaint and stating that the winning

horses in the races were those mentioned by the plaintiff with the exception of the first race which, although Saturnina arrived first, was canceled for the purpose of the pool by the race track judges of the Quintana racing track, which resolution was subsequently overruled by the Insular Racing Commission; that it does not know whether the plaintiff is the only person entitled to the amount claimed; that other persons who picked only the six winners have also required it to distribute the sweepstakes among them and that it does not refuse to pay, but that owing to the claim of the plaintiff and those of other persons it has refused to pay until a court decides to whom it must pay, because it is not quite sure to whom payment must be made.

The appellant answered the motion to dismiss saying that it has no material or pecuniary interest in the matter and that the object of the appeal has been to have the judgment affirmed or reversed by the Supreme Court on its merits.

If we considered only the foregoing statements made by the appellant we should have to dismiss the appeal on the first ground alleged by the appellee in that respect; but as the appellant has been adjudged to pay the amount claimed by the appellee, we can not say that it had no pecuniary interest in the appeal from the judgment, specially because from the allegations we interpret its statement of lack of pecuniary interest in the sense that the money which the appellant is ordered to pay does not belong to the appellant but is kept by it in trust to be paid to its legal claimant, thus becoming free from other claims in case it should pay it to the wrong person. As its interest in the appeal from the judgment is to have a decision of whether or not the plaintiff is entitled to the amount claimed by him, as declared in the judgment, we should not dismiss the appeal on the first ground alleged.

Notwithstanding the foregoing, we must dismiss the appeal on the ground of its being frivolous, in view of the admissions made by the appellant in its answer to the com-

plaint. In effect, the appellant expressly admitted in its answer that the plaintiff had bet on the seven winners in the races, and though it further stated that the first race, where the horse Saturnina was the winner had been canceled for the purpose of the sweepstakes, it also stated that that decision had been overruled by the Insular Racing Commission, thus destroying its declaration regarding the cancellation of the race for the purpose of the sweepstakes, but leaving intact its admission that the plaintiff had bet on the seven winners.

The answer of the appellant to the allegation of the appellee that he was entitled to the $12,118.78 of the sweepstakes as the only winner in the seven races, stating that it does not know whether indeed the plaintiff was the only person entitled to that money, does not specifically deny the averment of the plaintiff as to his being the only person betting on the seven winners, and therefore admits that allegation.

Briefly, considering the manner in which the complaint has been answered, the appeal taken from the judgment ordering the appellant to pay to the appellee the amount of the sweepstakes is frivolous, because, as the appellant had admitted that the appellee had bet on the seven winners in the races, and as it had not denied the appellee's statement that he was the only one who had bet on the seven winners or that from the scrutiny of the betting tickets there was only one with the seven winners, there is no ground for attacking the judgment ordering the appellant to deliver the amount of the sweepstakes. The allegation that there were other persons claiming to be paid on the ground that they had picked six winners is no obstacle to the appellee's action, who, as admitted by the appellant, was the only person betting on the seven winners.

The appeal must be dismissed as frivolous.